THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SUSAN S. CHURCH, Derivatively on Behalf of COCRYSTAL PHARMA, INC., <br><br> Plaintiff, <br><br> v. <br><br> ELLIOT MAZA, JEFFREY MECKLER, GERALD MCGUIRE, JAMES MARTIN, CURTIS DALE, RAYMOND SCHINAZI, GARY WILCOX, DAVID S. BLOCK, PHILLIP FROST, JANE HSIAO, STEVEN RUBIN, and BRIAN KELLER, <br><br> Defendants, <br><br> and <br><br> COCRYSTAL PHARMA, INC., <br><br> Nominal Defendant. | No. 2:19-cv-00080 TSZ <br><br> STIPULATION AND ORDER REGARDING ACCEPTANCE OF SERVICE OF PROCESS AND STAY OF PROCEEDINGS |

WHEREAS, on January 16, 2019, Plaintiff Susan S. Church ("Plaintiff") filed in this Court a Verified Stockholder Derivative Complaint (the "Complaint") (ECF No. 1) on behalf of nominal defendant Cocrystal Pharma, Inc. ("Cocrystal"), captioned *Church v. Maza, et al.*, Case No. 19-cv-00080-TSZ (the "Action");

STIPULATION AND ORDER
(Case No. 2:19-cv-00080 TSZ) – 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

WHEREAS, the Complaint names as defendants Elliot Maza, Jeffrey Meckler, Gerald McGuire, James Martin, Curtis Dale, Raymond Schinazi, Gary Wilcox, David S. Block, Phillip Frost, Jane Hsiao, Steven Rubin, and Brian Keller (collectively with Cocrystal, "Defendants"), who are either current or former directors and officers of Cocrystal, or former officers of its predecessor, BioZone Pharmaceuticals, Inc. ("BioZone"), and generally alleges that those defendants breached their fiduciary duties by failing to disclose in public filings the existence of a scheme in 2013 to artificially inflate the price of BioZone stock;

WHEREAS, a related securities class action lawsuit, captioned *Pepe v. Cocrystal Pharma, Inc., et al.*, Case No. 2:18-cv-14091-KM-JBC, is pending in the United States District Court for the District of New Jersey (the "Securities Class Action");

WHEREAS, the complaint in the Securities Class Action asserts federal securities claims against certain defendants who are also named as defendants in the Action arising from facts common to those alleged in the Action and, in particular, names as defendants current or former officers of Cocrystal and former officers of BioZone, among others, and alleges that those defendants violated the federal securities laws by failing to disclose in public filings the existence of a scheme in 2013 to artificially inflate the price of BioZone stock;

WHEREAS, on December 18, 2018, the court in the Securities Class Action entered an order providing that (a) within fourteen (14) days of the court's order appointing a Lead Plaintiff in the Securities Class Action, counsel for the parties shall confer regarding a schedule for Lead Plaintiff to file an amended complaint and for defendants to move to dismiss that amended complaint, and (b) within twenty-one (21) days of the court's order appointing a Lead Plaintiff, the parties shall file a Stipulation and Proposed Order seeking the court's approval of that schedule;

STIPULATION AND ORDER
(Case No. 2:19-cv-00080 TSZ) – 2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

91004-1100/143650928.1

WHEREAS, motions to appoint Lead Plaintiff and Lead Plaintiff's counsel are fully briefed and pending before the court in the Securities Class Action;

WHEREAS, counsel for Plaintiff and counsel for defendants Gary Wilcox, Raymond Schinazi, Jane Hsiao, Steven Rubin, David S. Block, James Martin, Gerald McGuire, Jeffrey Meckler, Curtis Dale, and Nominal Defendant Cocrystal Pharma, Inc. (collectively with Plaintiff, the "Stipulating Parties"), who are all the parties who have appeared in the Action, have conferred regarding the status of the Action, the Securities Class Action, and the appropriate next steps;

WHEREAS, the Stipulating Parties agree that resolution of the related Securities Class Action may have bearing on the claims asserted in the Action;

WHEREAS, based on the overlapping parties and factual allegations in the Action and in the Securities Class Action and the likely impact of the resolution of the Securities Class Action on the claims in the Action, and to avoid the unnecessary expenditure of judicial and party resources, the Stipulating Parties have agreed, subject to this Court's approval, to a limited stay of the Action until (1) the Securities Class Action is dismissed, with prejudice, and all appeals related thereto have been exhausted; (2) any defendant's motion to dismiss the Securities Class Action is denied in whole or in part; or (3) the stay is modified by stipulation of the parties to the Action as ordered by the Court, or by the Court pursuant to a motion;

WHEREAS, other federal courts have recognized that it is logical and appropriate to stay shareholder derivative litigation based on the same misconduct alleged in related federal securities litigation until the related federal securities litigation has been resolved, *see, e.g.*, Joint Stipulation and Order Staying Action, *In re Impinj Derivative Litig.*, Lead Case No. 18-cv-01686-RGA (D. Del., Jan. 28, 2019) (Dkt. No. 11) (staying shareholder derivative action until resolution of related

STIPULATION AND ORDER
(Case No. 2:19-cv-00080 TSZ) – 3

91004-1100/143650928.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

securities litigation pending in Western District of Washington (*In re Impinj Sec. Litig.*, No. 3:18-cv-05704 (W.D. Wash.) (Lasnik, J.)) based on common parties and factual allegations in derivative litigation and securities litigation); Stipulation and Order Regarding Consolidation and Stay of Proceedings, *In re Tesla, Inc. S'holder Derivative Litig.*, Case No. 18-cv-01669-CFC (D. Del., Feb. 25, 2019) (Dkt. No. 15) (staying shareholder derivative litigation until resolution of related securities litigation asserting claims arising from facts alleged in derivative litigation and where parties agreed that resolution of securities litigation may have bearing on claims asserted in derivative litigation);

WHEREAS, the Stipulating Parties therefore respectfully submit that such a stay of the Action is appropriate;

WHEREAS, counsel for the Stipulating Parties have conferred with out-of-state counsel for defendants Phillip Frost and Elliot Maza, who have not yet appeared in the Action, and counsel for Mr. Frost and Mr. Maza have agreed to accept service of the Complaint on behalf of Mr. Frost and Mr. Maza, respectively, reserving all rights and defenses other than insufficient service of process, and each consent to the relief requested in this Stipulation and Proposed Order;

WHEREAS, defendant Brian Keller was served with the Complaint on March 2, 2019 and an affidavit of service was filed with the Court on March 11, 2019 (ECF No. 8), and Mr. Keller has not yet appeared in the Action, and the Stipulating Parties do not know his opinion on the relief requested in this Stipulation and Proposed Order;

WHEREFORE, the Stipulating Parties, through their undersigned counsel, hereby agree, stipulate, and respectfully request that the Court enter an Order as follows:

STIPULATION AND ORDER
(Case No. 2:19-cv-00080 TSZ) – 4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

91004-1100/143650928.1

1. Undersigned counsel for defendants agree to accept service of the Complaint in the Action on behalf of each of the defendants they represent, but each defendant expressly reserves all rights and defenses other than insufficient service of process.

2. Except as noted below, all proceedings, including any motion practice, obligation to respond to the Complaint and any amended complaint, and all discovery and disclosure obligations or deadlines under the applicable local and federal rules or previously-issued Orders of this Court in the Action are hereby stayed until (1) the Securities Class Action is dismissed, with prejudice, and all appeals related thereto have been exhausted; (2) any defendant's motion to dismiss the Securities Class Action is denied in whole or in part; or (3) the stay is modified by stipulation of the parties to the Action as ordered by the Court, or by the Court pursuant to a motion.

3. Defendants shall promptly notify Plaintiff's undersigned counsel of any related shareholder derivative actions filed nominally on behalf of Cocrystal of which they become aware.

4. Defendants shall promptly notify Plaintiff's undersigned counsel if any such related derivative action is not stayed. In the event that any such related derivative action is not stayed, Plaintiff may lift the stay of this Action upon thirty (30) days' notice, by email, to Defendants' undersigned counsel.

5. If the Action is not earlier dismissed, Defendants shall include Plaintiff in any mediations with Lead Plaintiff in the Securities Class Action, and Defendants shall include Plaintiff in any mediations or formal settlement meetings or conferences with any plaintiff in any related derivative action. Plaintiff's ability to attend and participate in any mediations or formal settlement meetings or conferences is contingent on Plaintiff's agreement to be bound by any

STIPULATION AND ORDER
(Case No. 2:19-cv-00080 TSZ) – 5

91004-1100/143650928.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

confidentiality agreement or stipulation governing such meditation or formal settlement meeting or conference.

6. In the event that nominal defendant Cocrystal produces any document to any purported Cocrystal shareholder in response to a books and records demand under 8 *Del. C.* § 220 based on allegations related to those in the Action, by way of a court order or otherwise, Cocrystal will provide copies of those documents to Plaintiff's undersigned counsel subject to the execution of an appropriate confidentiality agreement and/or protective order by Plaintiff and Plaintiff's counsel; provided that Cocrystal need not produce to Plaintiff's undersigned counsel any documents produced to any purported Cocrystal shareholder in response to a books and records demand under 8 *Del. C.* § 220 unless and until that shareholder files a related derivative action.

7. During the stay, Plaintiff may file an amended complaint, but Defendants need not answer, move to dismiss, or otherwise respond to any amended complaint during the pendency of the stay.

8. Within twenty (20) days of the termination of the stay, the parties to the Action shall meet and confer and submit to the Court a proposed scheduling order governing further proceedings in the Action.

9. Upon termination of the stay, Defendants shall not move to stay the Action in deference to another related derivative action.

10. All pending deadlines, hearings, or conferences are vacated until after the stay is terminated.

11. This Order shall remain in effect until further order of this Court.

STIPULATION AND ORDER
(Case No. 2:19-cv-00080 TSZ) – 6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

DATED: March 15, 2019.

| | |
|---|---|
| *s/ Roger Townsend* | *s/ Ronald L. Berenstain* |
| Roger Townsend, WSBA #25525 | Ronald L. Berenstain, WSBA No. 7573 |

*s/ Sean C. Knowles*
Sean C. Knowles, WSBA No. 39893

*s/ Joseph E. Bringman*
Joseph E. Bringman, WSBA No. 15236

**Breskin Johnson Townsend, PLLC**
1000 Second Avenue, Suite 3670
Seattle, WA 98104
Tel: (206)652-8660
rtownsend@bjtlegal.com

**Bragar Eagel & Squire, P.C.**
Melissa A. Fortunato (Admitted *pro hac vice*)
101 California Street, Suite 2710
San Francisco, California
Telephone: (415) 365-7149
fortunato@bespc.com

Attorneys for Plaintiff Susan S. Church

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
RBerenstain@perkinscoie.com
SKnowles@perkinscoie.com
JBringman@perkinscoie.com

Attorneys for Defendants Gary Wilcox, Raymond Schinazi, Jane Hsiao, Steven Rubin, David S. Block, James Martin, Gerald McGuire, Jeffrey Meckler, Curtis Dale, and Nominal Defendant Cocrystal Pharma, Inc.

## ORDER

IT IS SO ORDERED, without prejudice to the right of non-appearing Defendants to appear and oppose the relief granted herein**.**

Dated this 9th day of April, 2019.

*[signature: Thomas S. Zilly]*

Thomas S. Zilly
United States District Judge

STIPULATION AND ORDER
(Case No. 2:19-cv-00080 TSZ) – 7

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

91004-1100/143650928.1